# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| ELECTRONIC PRIVACY | ) | |
| INFORMATION CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-CV-260 (JEB) |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

### ANSWER

Using the same numbered paragraphs as Plaintiff's Complaint, the Department of Homeland Security answers the Complaint as follows:

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of the nature of its claims, to which no response is required.  To the extent a response is deemed to be required, Defendant denies, except to admit that Plaintiff purports to proceed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. With respect to the first sentence of this paragraph, Defendant admits that it received a FOIA request from plaintiffs, but otherwise responds that this sentence contains Plaintiff's characterization of the nature of its claims, to which no response is required.  With respect to the second sentence, Defendant avers that the request speaks for itself.  With respect to the third sentence, Defendant admits that it has not released records, but otherwise responds that the sentence contains

1

conclusions of law, to which no response is required. The fourth sentence contains Plaintiff's characterization of its claims, to which no response is required.

3. Paragraph 3 sets forth Plaintiff's assertion of jurisdiction and venue and thus contains legal conclusions, to which no response is required.

4. The first five sentences of this paragraph contain Plaintiff's characterization of itself and its activities, about which Defendant lacks sufficient knowledge and information to confirm or deny.  With regard to the fifth sentence, Defendant avers that the court's decision speaks for itself.

5. Defendant admits the first sentence.  The second sentence contains a legal conclusion, to which no response is necessary.  Defendant denies the third sentence.

6. Defendant denies, except to admit that the National Communication System approved Standard Operating Procedure 303 in 2006.

7. Defendant admits.

8. Paragraph 8 contains a characterization of a portion of the National Security Telecommunications Advisory Committee (NSTAC) 2006-2007 Issue Review, to which no response is necessary, because the document speaks for itself.

9. Paragraph 9 contains a characterization of a portion of the NSTAC 2006-2007 Issue Review, to which no response is necessary, because the document speaks for itself.

10. Paragraph 10 contains a characterization of a portion of the NSTAC 2006-2007 Issue Review, to which no response is necessary, because the document speaks for itself.

11. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

12. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

13. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

14. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

15. Defendant denies, except to admit that, on March 1, 2012, the Federal Communications Commission solicited "comment on certain wireless service interruptions," GN Docket No. 12-52.

16. This paragraph contains characterizations of a July 6, 2012 Executive Order, to which no response is necessary, because the document speaks for itself.

17. Defendant hereby incorporates its responses to all preceding allegations.

18. Defendant admits that it received a FOIA request from Plaintiff on July 18, 2012.

19. This paragraph contains a characterization of Plaintiff's FOIA request, to which no response is necessary, because the document speaks for itself.

20. This paragraph contains a characterization of Plaintiff's FOIA request, to which no response is necessary, because the document speaks for itself.

21. This paragraph contains a characterization of Plaintiff's FOIA request, to which no response is necessary, because the document speaks for itself.

22. Defendant admits.

23. This paragraph contains a characterization of Defendant's acknowledgment, to which no response is necessary, because the document speaks for itself.

24. This paragraph contains a characterization of Defendant's acknowledgment, to which no response is necessary, because the document speaks for itself.

25. This paragraph contains a characterization of Defendant's acknowledgment, to which no response is necessary, because the document speaks for itself.

26. Defendant admits.

27. Defendant admits that it issued a letter dated August 21, 2012 informing Plaintiff (i) that it was "unable to locate or identify any responsive records" and (ii) that Plaintiff could file an administrative appeal.

28. Defendant admits that it received an administrative appeal from Plaintiff.

29. This paragraph contains a characterization of Plaintiff's administrative appeal, to which no response is necessary, because the document speaks for itself.

30. Defendant admits.

31. This paragraph contains a characterization of Plaintiff's administrative appeal, to which no response is necessary, because the document speaks for itself.

32. This paragraph contains a characterization of Plaintiff's administrative appeal, to which no response is necessary, because the document speaks for itself.

33. Defendant admits.

34. Defendant admits.

35. This paragraph contains a characterization of the October 25, 2012 letter, to which no response is necessary, because the document speaks for itself.

36. This paragraph contains a conclusion of law to which no response is required.

37. Defendant denies.

38. This paragraph contains a conclusion of law to which no response is required.

39. Defendant hereby incorporates its responses to all preceding allegations.

40. This paragraph contains a conclusion of law to which no response is required.

41. This paragraph contains a conclusion of law to which no response is required.

42. This paragraph contains a conclusion of law to which no response is required.  To
the extent a response is required, Defendant denies.

43. Defendant hereby incorporates its responses to all preceding allegations.

44. This paragraph contains a conclusion of law to which no response is required.  To
the extent a response is required, Defendant denies.

45. This paragraph contains a conclusion of law to which no response is required.

46. This paragraph contains a conclusion of law to which no response is required.  To
the extent a response is required, Defendant denies.

47. Defendant hereby incorporates its responses to all preceding allegations.

48. This paragraph contains a conclusion of law to which no response is required.

49.  This paragraph contains a conclusion of law to which no response is required.

50. This paragraph contains a conclusion of law to which no response is required.

51. This paragraph contains a conclusion of law to which no response is required.  To
the extent a response is required, Defendant denies.

The remaining material in the Complaint constitutes Plaintiff's request for relief,
to which no response is required.  To the extent that a response is required, Defendant
repeats its responses above as if set forth fully herein and denies that Plaintiff is entitled
to the relief it seeks.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly answered or qualified herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant United States Department of Justice prays for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just and proper.

Dated:  April 17, 2013

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN JR
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs
Branch, Civil Division

    /s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20001
(202) 514-5838 phone
(202) 616-8202 fax
justin.sandberg@usdoj.gov

Attorneys for Defendant