UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:13-CV-260 (JEB)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Plaintiff Electronic Privacy Information Center ("EPIC") submits the following statement of disputed and undisputed facts in opposition to Defendant Department of Homeland Security's motion for summary judgment and in support of Plaintiff's cross-motion for summary judgment. This statement identifies the portions of Defendant's Statement of Material Facts Not In Dispute, Dkt. 10 at 19, as to which Plaintiff contends there exists a genuine issue.

1. Plaintiff agrees that there is no genuine issue as to the facts set forth in paragraphs 1, 3-20, 22, and 24 of Defendant's Statement.
2. Plaintiff contends that there exist genuine issues of material fact as to the matters set forth in paragraphs 2, 21, 23, and 25 of Defendant's Statement, as explained below.
3. Paragraph 2 of Defendant's Statement asserts that "Standard Operating Procedure (SOP) 303 is a document that details a process for the 'deactivation of wireless networks' primarily to 'deter the triggering of radio-activated improvised explosive devices.'" Def.'s Statement ¶ 3. Plaintiff does not dispute that SOP 303 *includes* details of a process to "deactivate wireless networks," but Plaintiff asserts that there is a genuine issue as to whether details of the deactivation process are *all* that is included in SOP 303.

4. In support of this assertion, Plaintiff has attached pages from the President's National Security Telecommunications Advisory Committee's 2006-2007 Report on "Termination of Cellular Networks During Emergency Situations." Exhibit 4. This report indicates that SOP 303 also includes a predetermined series of questions used to decide when deactivation is appropriate.

5. Paragraph 21of Defendant's Statement asserts that DHS determined that "SOP 303 is a record compiled for law enforcement purposes and the release of portions of SOP 303 would disclose the techniques and procedures for law enforcement investigations," and that DHS invokes Exemption 7(E) to justify this withholding Def.'s Statement at ¶ 21. Plaintiff disputes the adequacy of the explanation for these conclusions.

6. Paragraph 23 of Defendant's Statement asserts that DHS determined that "SOP 303 is a record compiled for law enforcement purposes and the release of portions of SOP 303 could reasonably be expected to endanger the life or safety of an individual," and that DHS invokes Exemption 7(F) to justify this withholding. Def.'s Statement at ¶ 23-4. Plaintiff disputes these conclusions because the agency has failed to identify an identifiable individual or individuals whose safety would be threatened by disclosure, and because the threat invoked by DHS is hypothetical and only tangentially related to the safety of the unidentified individuals.

7. Paragraph 25 of Defendant's Statement asserts, "The agency determined that portions of SOP 303 are non-exempt, and it is releasing those portions to EPIC." Def.'s Statement at ¶ 23. Plaintiff does not dispute that those portions of SOP 303 are non-exempt, but Plaintiff asserts that there is a genuine issue as to whether Defendant has conducted a sufficient segregability analysis to identify *all* non-exempt portions of SOP 303.