## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, ) ) ) ) Plaintiff, ) ) v. ) ) DEPARTMENT OF HOMELAND ) SECURITY, ) ) Defendant. ) | Case No. 1:13-CV-260 (JEB) |

### UNOPPOSED MOTION TO EXTEND STAY OF JUDGMENT

On November 12, the Court granted summary judgment in favor of plaintiff in this Freedom of Information Act case, requiring the Department of Homeland Security to release a document known as Standard Operating Procedure 303 (SOP 303). "Standard Operating Procedure 303 is an 'Emergency Wireless Protocol[] . . . codifying a shutdown and restoration process for use by commercial and private wireless networks during national crises.'. . . The wireless networks could be shut down in certain emergency situations to, *inter alia*, 'deter the triggering of radio-activated improvised explosive devices.'" Memorandum Opinion, Nov. 12, 2013, Doc. No. 19, at 1-2 (internal citations omitted). The Court, however, recognized "the potential adverse use to which this information [*i.e.*, the information in SOP 303] could be put." *Id.* at 15. Accordingly, it *sua sponte* entered a stay of its judgment for 30 days, until December 12, 2013, to allow for appeal; if the government files a notice of appeal, the stay will remain in place until the resolution of the appeal. *Id.* at 16. DHS hereby requests a 30-day extension of

1

the stay, until January 13, 2013,[1] to provide the government with adequate time to determine whether to appeal this Court's disclosure order. Plaintiff consents to the extension of the stay.

An extension of the stay would accord with the 60-day timeframe provided for the filing of appeals by the United States and ensure that the government has sufficient time to determine whether to appeal before SOP 303 is released. Federal law furnishes the United States 60 days within which to file a notice, 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B), rather than the 30 days afforded to parties in cases in which the United States is not a party, 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). In providing an additional 30 days to the United States, the rule makers recognized that the decision to appeal is made by the Solicitor General after necessarily time-consuming consultations with the client agency, components of the Department of Justice, and other interested agencies, and that rushing this decision could result in unnecessary appeals and, therefore, the inefficient use of government and court resources. Wright and Miller, *Federal Practice and Procedure*, § 3950.2 (4th ed.) (discussing the history of Fed. R. Civ. P. 73, which is the predecessor to Fed. R. App. P. 4); 28 C.F.R. § 0.20 (placing the authority to make decisions regarding whether to appeal with the Solicitor General and noting that the decision shall be made "in consultation with each agency . . . concerned"). The reasons underlying Rule 4's allotment of 60 days to the government apply fully to this case. The Solicitor General must make the decision regarding whether to appeal the Court's order. And before he can do so, he will, in the ordinary course, solicit recommendations from the applicable Department of Justice components – including, at least, the applicable litigation components (*i.e.*, the Civil Division's Federal Programs Branch and Appellate Staff) –the client agency (DHS), and any other agencies

---

[1] January 13 is the first business day after the 30th day of the extension, which would be Saturday, January 11, 2014.

that may have an interest in the outcome of litigation. This deliberative process takes considerable time and will be very difficult to complete within 30 days.

An adequate stay is vital in this case. As the Court recognized, the disclosure of SOP 303 could have "national-security implications" and "would effectively moot any appeal." Order at 16. Because of these facts, the decision of whether to file a notice of appeal must be made during the stay. A decision to file a notice of appeal after the stay has run would be practically pointless, as SOP 303 will already be in the public arena. Thus, the length of the stay effectively sets the time limit within which the government may make its decision to appeal. And to ensure that the government has adequate time to make a decision whether to file a notice of appeal, the stay should be extended 30 days, consonant with Congress' and the rule makers' decisions to furnish the government 60 days within which to make the decision of whether to file a notice of appeal.

For the reasons stated above, DHS requests that the Court extend the stay of its judgment until January 13, 2014.

Dated:  November 22, 2013                    Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN JR
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch,
Civil Division

  /s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney

U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20001
(202) 514-5838 phone
(202) 616-8202 fax
justin.sandberg@usdoj.gov

<u>Attorneys for Defendant</u>