**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER )<br><br>Plaintiff, )<br><br>v. )<br><br>DEPARTMENT OF HOMELAND SECURITY )<br><br>Defendant. ) | No. 1:13-cv-00260-JEB |

## **DECLARATION OF T. JOHN TRAN**

I, T. John Tran, do hereby state and declare as follows:

1. I am FOIA Counsel at the Electronic Privacy Information Center ("EPIC"). EPIC is a non-profit research center in Washington, D.C. that focuses public attention on emerging privacy and civil liberties issues. EPIC frequently files requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is the Plaintiff in the above-captioned matter.

2. I am the billing attorney for EPIC in this case and submit this declaration in support of EPIC's Motion for Attorney's Fees and Costs. All statements made herein are true and based on my personal knowledge.

3. For every case, EPIC designates a single attorney to manage billing records. The billing attorney is responsible for reviewing billing notes kept by all attorneys working on the case, and producing a final bill of costs for submission to the court. EPIC's attorneys maintain detailed and contemporaneous billing notes that they submit to the billing attorney for entry into EPIC's billing database. The billing attorney is responsible for ensuring that these notes are entered into the billing system, and that the final bill of costs submitted to the court is clear, accurate, and reasonable.

4. As billing attorney in this case, I was responsible for the preparation of the affidavits and billing statements submitted in support of this motion.

5. All attorneys who worked for EPIC on this case are currently licensed to practice law and all, except for Aimee Thomson, were licensed to practice during the entire period that they worked on this matter. *See* Aff. of Marc Rotenberg; Aff. of Ginger McCall; Aff. of Alan Jay Butler; Aff. of David Jacobs; Aff. of Julia Horwitz; Aff. of David Husband; Aff. of T. John Tran; Aff. of Aimee Thomson. Ms. Thomson's time in this matter has been billed at the *Laffey* Matrix's law clerk rate.

6. I used Legal Services Index-adjusted *Laffey* Matrix ("LSI *Laffey* Matrix") rates to calculate the lodestar amount for hours worked by EPIC's attorneys in this matter. Courts in this Circuit have found that the LSI *Laffey* "is a more reliable index for measuring legal hourly billing in the Washington, D.C. area" than the version maintained by the U.S. Attorney's Office. *See, e.g.*, *CREW v. DOJ*, 80 F. Supp. 3d 1, 3 (D.D.C. 2015) ("[T]he Court is persuaded that the LSI-adjusted Laffey matrix, while imperfect, offers a better methodology for estimating prevailing market rates for complex federal litigation in Washington, D.C."); *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000) ("[T]he [LSI-updated] *Laffey* matrix more accurately reflects the prevailing rates for legal services in the D.C. community."), *aff'd*, 809 F.3d 58 (D.C. Cir. 2015). *But see Poulsen v. DHS*, No. 13-498, 2016 WL 1091060, at *6 (D.D.C. Mar. 21, 2016) (failing to the note the *Salazar* decision). As compared to the USAO *Laffey* Matrix, the LSI *Laffey* Matrix is "more likely to reflect the rate of change in prevailing legal services," it "more accurately reflects the conditions of competition for complex litigation," and it utilizes a more recent survey of rates. Pl.'s Mot. Summ. J., Decl. Michael Kavanaugh at 7–10, *CREW*, 80 F. Supp. 3d, Ex. A. Evidence submitted in the *CREW* litigation further supports the

reasonableness of the LSI *Laffey* rates. *Compare* LSI *Laffey* Matrix, Ex. A at 27 (calculating a 2013 billing rate for attorneys with more than 20 years of experience at $753 per hour), *and Real Rates Report 2014*, Ex. B at 5 (showing that in 2013 law firm partners in D.C. with 21+ years of experience billed at a median rate of $706 per hour, and the "third quartile" at $812 per hour), *and Westlaw CourtExpress Legal Billing Reports*, Exs. C, D (showing that in 2012, D.C.-area lawyers with 20 or more years of experience billed at an average rate of $777 per hour), *with* USAO Laffey Matrix, Ex. F (suggesting that lawyers with more than 20 years of experience should bill at $495 per hour from 2011-2012 and $505 from 2012-2013). Thus, in order to calculate the lodestar amount in this case, I used rates from the LSI *Laffey* Matrix as approved by courts in this Circuit, Ex. A, and published by the economist who developed the methodology for the LSI *Laffey* Matrix, Dr. Michael Kavanaugh, Ex. E.[1]

      7.     I reviewed the billing notes submitted by attorneys who worked on this case and used those notes to prepare a final bill of costs. I reviewed the final billing records with EPIC's attorneys prior to submission in order to ensure that they were complete and accurate. I also reviewed the final billing records and made small edits as necessary to ensure accuracy and clarity and to facilitate review by the Court.

      8.     The final billing records submitted in this case were generated from the detailed, contemporaneous billing records of EPIC's attorneys. *See* Aff. of Marc Rotenberg; Aff. of Ginger McCall; Aff. of Alan Jay Butler; Aff. of David Jacobs; Aff. of Julia Horwitz; Aff. of David Husband; Aff. of T. John Tran; Aff. of Aimee Thomson.

---

[1] http://www.laffeymatrix.com/see.html (last visited April 22, 2016).

9. In preparing the bill of costs, I adjusted the lodestar amount based on the specific nature of this case as well as general principles of billing judgment. I also reviewed the billing records and excluded certain hours to ensure a fair allocation of time and prevent double-billing. Based on the disposition of EPIC's Petition for Rehearing En Banc in the D.C. Circuit and Petition for Writ of Certiorari in the U.S. Supreme Court, I reduced the lodestar amount by $70,401.80, or 47.9% of EPIC's work at the appellate level. Bill of Costs, Ex. G. In contrast, EPIC is entitled to fees for work to obtain the initial release of SOP 303, the release of the reprocessed SOP 303 following the appeal, and the time EPIC spent defending this Court's ruling in response to the government's appeal.

10. I reduced the total lodestar amount for work across all time periods by 5 percent. See Bill of Costs, Ex G.

11. Based on the billing records compiled in this matter, EPIC's attorneys spent 416.5 hours working to obtain the documents and court orders in this case, and have so far spent 30 hours working to obtain fees in this case. *See* Bill of Costs, Ex G. In total, EPIC's attorneys have spent 446.5 hours on this matter. *Id*.

12. Based on the final billing records and applicable *Laffey* rates, I calculated a total lodestar amount of $167,931.20. This amount includes $155,412.20 in fees for work on the underlying case and $12,519.00 in fees-on-fees. *See* Bill of Costs, Ex G. After making the above-mentioned adjustments to the lodestar, I determined that a reasonable fee for the time EPIC's attorneys spent litigating this matter would be $92,652.93. *Id*. EPIC also seeks recovery of $463.82 in costs associated with this matter. *Id*.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2016.

5

_____
T. John Tran