**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER </br></br> Plaintiff, </br> v. </br></br> DEPARTMENT OF HOMELAND SECURITY </br></br> Defendant. | No. 1:13-cv-00260-JEB |

## SECOND DECLARATION OF T. JOHN TRAN

I, T. John Tran, do hereby state and declare as follows

    1.    I am FOIA Counsel at the Electronic Privacy Information Center ("EPIC").

    2.    I am the billing attorney for EPIC in this case, and submit this declaration in support of EPIC's Reply In Support of EPIC's Motion for Attorney's Fees and Costs. As the billing attorney, I am responsible for managing the preparation of billing records and affidavits submitted by EPIC. All statements made herein are true, and based on my personal knowledge.

    3.    I have personally reviewed the billing records submitted in this case and verified that they were generated from the detailed, contemporaneous billing records of EPIC's attorneys. Ex. G, ECF No. 28-8; Ex. 1, Supp. Billing Records.

    4.    In preparing EPIC's billing records, I personally reviewed each billing entry to ensure that the final bill reflected proper billing judgment. In exercising billing judgment, I significantly discounted hours by EPIC attorneys to ensure a fair allocation of time and to ensure that no double recovery would occur. *See* Tran Decl. 9–10, ECF No. 28-1.

    5.    Excluding fees for work preparing the Reply brief, EPIC billed a total of $168,384.45 in fees and costs. However, in preparing a reasonable fee request that reflects

EPIC's billing judgment, EPIC discounted the fee request by more than $75,000, or 45%. Ex. G 2. That calculation includes a discount of work on claims on which EPIC did not prevail, as well as a 5% across-the-board reduction for billing judgment. These steep discounts demonstrate EPIC's good-faith efforts to exercise prudence and reasonableness in the fee request.

6. Although EPIC submitted billing records for eight attorneys (most of whom are recent law school graduates), only two of these attorneys have worked at EPIC during the full pendency of the litigation:

- Aimee Thomson (recent graduate): Joined EPIC on September 1, 2015. She began working on the appellate stage of this case on December 9, 2015.

- T. John Tran (recent graduate): Joined EPIC on September 2, 2014. He began working on the appellate stage of this case on October 2, 2014.

- David Husband (recent graduate): Joined EPIC on September 1, 2013 and left EPIC on July 30, 2014. He worked on the appellate stage of this case from June 24, 2014 to July 27, 2014.

- Julia Horwitz (recent graduate): Was working at EPIC at the beginning of the litigation but left EPIC on August 14, 2015. She worked on the district court and appellate phases of this case from February 19, 2013 to July 21, 2014.

- David Jacobs (recent graduate): Was working at EPIC at the start of the litigation but left EPIC on January 31, 2014. He worked on the district court phase of this case from February 20, 2013 to November 21, 2013.

- Ginger McCall (FOIA Counsel): Was working at EPIC at the start of the litigation but left EPIC on May 30, 2015. She worked on the district court and appellate phase of this case from February 20, 2013 to June 27, 2014.

- Alan Butler (Senior Counsel): Has worked at EPIC during the pendency of the litigation. However, he only began working on this case on March 25, 2014, when it reached the appellate stage.

- Marc Rotenberg (Executive Director): Has worked at EPIC, and on the litigation, during the full pendency of the litigation.

7. When EPIC receives FOIA documents in the course of litigation, EPIC first reviews those documents to assess the legal sufficiency of the agency's disclosure. Separately, EPIC reviews those documents to assess their substantive significance and newsworthiness. While EPIC spends considerable time reviewing the substance of the documents, EPIC only bills for review time that is relevant to the underlying litigation.

8. I have personally reviewed and verified that all of the descriptions included in the bills submitted to the Court accurately describe the tasks completed and time billed based on the detailed and contemporaneous billing records of EPIC's attorneys.

9. In this case, EPIC has requested an award of $92,652.93 in attorney fees for time reasonably spent litigating this matter, as well as an award of $463.82 in costs. EPIC also seeks $14,204.30 for time spent preparing the Reply. *See* Ex. 1, Supp. Billing Records.

10. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 17, 2016.

                                                    _____
                                                    T. John Tran